**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION**

MOSE ROSE                                                                                    PLAINTIFF

v.                                            2:25CV00189-BSM-JTK

MITCH GRANT, et al.                                                          DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition ("Recommendation") has been sent to United States District Judge Brian S. Miller. Any party may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

Mose Rose ("Plaintiff") filed this 42 U.S.C. § 1983 action while he was in custody at the McGhee, Arkansas, Criminal Justice Facility. (Doc. No. 1 at 2). Plaintiff was released from custody and updated his address of record. (Doc. No. 10). As a result, on December 9, 2025, the Court asked Plaintiff to provide current financial information. (Doc. No. 16). Plaintiff did not respond to the Court's Order, though he did file unrelated documents in the meantime. (Doc. Nos. 21, 23).

On March 10, 2026, Defendant Mitch Grant, the only remaining Defendant in this action (Doc. No. 30), filed a Motion to Dismiss based on Plaintiff's failure to respond to the Court's December 9, 2025, Order, and because Plaintiff's last communication with the Court was February 6, 2026.  (Doc. No. 28).  Defendant Grant maintains Plaintiff's actions indicate that he does not wish to prosecute this case.  (Id.).

Plaintiff has not responded to Defendant Grant's Motion to Dismiss and the time for doing so has passed.

Rule 5.5(c)(2) of the Local Rules for the United States District Court for the Eastern and Western Districts of Arkansas provides:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself must sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* must be expected to be familiar with and follow the Federal Rules of Civil Procedure.

 Local Rule 5.5(c)(2).

Early in these proceedings the Court informed Plaintiff of his duty under Local Rule 5.5(c)(2) to respond to communication from the Court.  (Doc. No. 4).  The Court reminded Plaintiff of that duty in its December 9, 2025, Order.  (Doc. No. 16 at 1).

Because Plaintiff did not respond to the Court's December 9, 2025, Order and did not contest Defendant Grant's Motion to Dismiss, the Court recommends that Plaintiff's claims be dismissed without prejudice for failure to prosecute.  Local Rule 5.5(c)(2); Fed. R. Civ. P. 41(b).

**The Court reminds Plaintiff that he may file objections to this Recommendation.  If Plaintiff wishes to pursue this case, he should say so in his objections.**

2

IT IS, THEREFORE, RECOMMENDED that:

1.      Plaintiff's Complaint be DISMISSED without prejudice for failure to prosecute;

2.      This case be CLOSED; and

3.      The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from any Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

Dated this 27th day of March, 2026.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE